UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Michael Marshawn Lee Dalton (1),<br><br>Defendant. | Case No. 23-cr-278 (ADM/DJF)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Defendant Michael Marshawn Lee Dalton's Motion to Dismiss Indictment Under the Second Amendment ("Motion to Dismiss") (ECF No. 25).[1] Mr. Dalton is charged with a single count of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) ("Indictment") (ECF No. 17). He argues the charge is unconstitutional under the Second Amendment as interpreted in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (ECF 25.) Because the Eighth Circuit has since determined section 922(g)(1) is constitutional, *United States v. Jackson*, 69 F.4th 495, 501–06 (8th Cir. 2023), the Court recommends denying Mr. Dalton's Motion to Dismiss.[2]

I.  ANALYSIS

   A.  The Second Amendment

The Second Amendment states: "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." In *District of*

---

[1] The undersigned United States Magistrate Judge considers this matter pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1.

[2] As set forth below, there are no material facts in dispute. Accordingly, an evidentiary hearing is unnecessary. *United States v. Pacheco-Poo*, 952 F.3d 950, 954 (8th Cir. 2020).

*Colombia v. Heller*, 554 U.S. 570, 602–03 (2008), the Supreme Court held that this language confers a limited individual right to keep and bear arms "for defensive purposes" within the home. Though *Heller* did not undertake an in-depth historical analysis of the permissible limitations on the right to keep and bear arms, it noted that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626–27.

More recently, in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022), the Supreme Court extended *Heller's* holding, concluding that "ordinary, law-abiding citizens have a similar right to carry handguns publicly for their self-defense[.]"  In reaching this conclusion, *Bruen* stated that the test for determining the constitutionality of a regulation limiting the right to possess or carry a firearm requires courts to survey the historical record to consider whether "historical precedent from before, during, and even after the founding evinces a comparable tradition of regulation." *Id.* at 2132 (internal quotation and citation omitted).  To determine whether a regulation is sufficiently analogous, courts should focus on "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id.* at 2133 (citations omitted).  "[W]hether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified are central considerations" in this "analogical inquiry." *Id.* (internal citations and quotations omitted).

In *United States v. Jackson*, 69 F.4th 495, 501–06 (8th Cir. 2023), the Eighth Circuit applied the precedent established in *Bruen* to 18 U.S.C. § 922(g)(1), which criminalizes possession of a firearm or ammunition for those "who [have] been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year."  The court deemed the statute

constitutional as applied to individuals with "non-violent" convictions that do not necessarily demonstrate the individual is "more dangerous that the typical law-abiding citizen." *Jackson* emphasized that *Heller* expressly carved out "the longstanding prohibition on the possession of firearms by felons" from the right to bear arms in self-defense. *Id*. at 501 (quoting *Heller*, 544 U.S. at 626). *Jackson* further observed that *Bruen* itself repeatedly emphasized "that the Second Amendment protects the right of a '*law-abiding citizen*' to keep and bear arms." *Id.* at 503 (quoting Bruen, 142 S. Ct. at 2122, 2125, 2131, 2133-34, 2135 n.8, 2138, 2150, 2156) (emphasis added).

Upon surveying the historical record, the *Jackson* court reasoned that "there is no requirement for an individualized determination of dangerousness to each person in a class of prohibited persons." *Id.* at 504. Instead, history demonstrates that legislatures typically "prohibited possession by categories of persons based on a conclusion that the category as a whole presented an unacceptable risk of danger if armed."[3] *Id.* These "legislatures traditionally possessed discretion to disqualify categories of people from possessing firearms to address a threat purportedly posed by these people to 'an orderly society and compliance with legal norms,' not merely to address a person's demonstrated propensity for violence." *Id.* at 503 (quoting *Range I* at 281-82). The court concluded the statute was constitutional as applied to the defendant because he was "not a law-abiding citizen, and history support[ed] the authority of Congress to prohibit

---

[3] In reaching its conclusions, *Jackson* took guidance from the decision in *Range v. Att'y Gen.*, 53 F.4th 262 (3d Cir. 2022) (hereinafter, "*Range I*"), which a Third Circuit en banc decision overruled in *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023) (en banc) (hereinafter, "*Range II*").

possession of firearms by persons who have demonstrated disrespect for legal norms of society." *Id.* at 504.

### B. Mr. Dalton's Motion to Dismiss

Mr. Dalton concedes the Eighth Circuit has already held that section 922(g)(1) is constitutional, regardless of the nature of the underlying felony. (ECF No. 25 at 2.) He argues, however, that *Jackon* is not good precedent because it relied heavily on *Range I*, which the Third Circuit later reversed in an en banc decision of that court, *Range II*. (*Id.*) Because he is charged with possessing ammunition rather than a firearm, Mr. Dalton argues the Court should overlook the *Jackson* precedent because "the issue is a new one likely to reach the Supreme Court as it clarifies the implications of *Bruen*." (*Id.*)

The Court will not address the nuances of *Range I* or *Range II* and the extent to which *Jackson* may or may not be consistent with *Range II*, because it is black letter law that the Court is "bound … to apply the precedent of" the Eighth Circuit. *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003). The Court also declines Mr. Dalton's invitation to overlook binding precedent based on speculation that the law may change at some future date. Because the Eighth Circuit has already held that section 922(g)(1) is constitutional, Mr. Dalton's argument is without merit. Accordingly, the Court recommends that Mr. Dalton's Motion to Dismiss be denied.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMEND THAT** Mr. Dalton's Motion to Dismiss Indictment Under the Second Amendment (ECF No. [25]) be **DENIED**.

Dated:  November 6, 2023　　　　　　　　*s/ Dulce J. Foster*
　　　　　　　　　　　　　　　　　　　　DULCE J. FOSTER
　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).